UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY JOHN NEUBECKER, JR.,

                            Plaintiff,

        v.                                          Case No. 20-cv-1222-pp

KENOSHA COUNTY JAIL,
KENOSHA COUNTY JAIL DOCTOR, and
KENOSHA COUNTY JAIL MEDICAL STAFF,

                            Defendants.

**ORDER REQUIRING PLAINTIFF TO PAY A PARTIAL FILING FEE**

The plaintiff, a prisoner who represents himself, filed the complaint in this case along with a petition for leave to proceed without prepaying the filing fee (*in forma pauperis*). On August 13, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $0.33 on or before September 3, 2020, which federal law requires. Dkt. No. 5. The plaintiff has filed a letter stating that he is unable to pay the initial partial filing fee, that he has "no money" and that he is indigent. Dkt. No. 8.

The court can waive the initial partial filing fee if the plaintiff lacks both asset and means to pay it. See 28 U.S.C. §1915(b)(4). Based on the trust account statement that the plaintiff previously submitted and from which the court assessed the initial partial filing fee, the average monthly deposit to the plaintiff's account was $1.63. Dkt. No. 4, 5. Because the plaintiff had an

1

income and because there is no indication that he longer has that income,[1] the plaintiff has "means" and therefore federal law requires that he pay an initial partial filing fee. See 28 U.S.C. §1915(b)(1); see also Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000)). The court will give the plaintiff more time to submit the initial partial filing fee.

The court will send a copy of this order to Dodge Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that if the plaintiff wishes to continue with this lawsuit, then on or before **October 15, 2020**, he must forward to the Clerk of Court the sum of $0.33 as an initial partial filing fee, or file a letter informing the court why he is not able to pay the assessed amount. If the plaintiff does not have enough money in his regular account to pay the initial partial filing fee, he is responsible for making arrangements with the authorities to pay the remainder of the filing fee from his release account. The language of 28 U.S.C. §1915(b)(1) suggests that a prisoner may use his release account to pay an initial partial filing fee only if he does not have sufficient funds in his regular account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Once the court receives the initial partial filing fee, it will review the complaint to determine whether to grant the plaintiff leave to continue in forma pauperis.

---

[1] The plaintiff receives $4.00 every two weeks for "Involuntary Unassigned" at a rate of $0.05 per hour. Dkt. No. 4.

The court also will review the complaint to determine whether the lawsuit is frivolous or malicious or fails to state a claim upon which relief can be granted; if the court concludes that the complaint does not meet this standard, the court will dismiss the complaint.

Dated at Milwaukee, Wisconsin this 21st day of September, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**